**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 1:08-cv-00193-CMA-GJR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

O'KALLA C. JENNINGS (individually and
as the representative of the Estate of
Richard L. Jennings as his sole heir at law);
GERALD CULVERWELL, (TRUSTEE, RIO EAGLES NEST);
MOUNTAIN VALLEY BANK;
WASHINGTON MUTUAL BANK; and
COLORADO DEPARTMENT OF REVENUE,

    Defendants.

## ORDER ON FORECLOSURE AND JUDICIAL SALE

Before the Court is the Plaintiff's Unopposed Motion for Entry of Order of Foreclosure and Judicial Sale (Doc. # 34) and the parties' Stipulation for Entry of Judgment (Doc. # 32).  Having reviewed the Stipulation of the parties, and for good cause showing,

IT IS HEREBY ORDERED that the United States' federal tax liens be FORECLOSED on the subject property located at 6324 County Road 7, Meeker, CO 81641-9701 (hereinafter "Meeker property"), which is legally described as follows:

> Lot 3, Block 1, Purple Sage Subdivision according to the plat thereof filed
> June 4,1979 as Reception No. 188480 Rio Blanco County, Colorado.

IT IS FURTHER ORDERED that JUDICIAL SALE of the Meeker property shall be conducted as follows:

1. The United States Marshal for the District of Colorado, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is hereby authorized and directed under 26 U.S.C. § 7403 and 28 U.S.C. § 2001, *et seq.* to offer for public sale and to sell the Meeker property. The United States may choose either the United States Marshal or a PALS to carry out the sale pursuant to this Court's Order.

2. The Marshal, his or her representative, or a PALS is hereby authorized to have free access to the Meeker property and to take all actions necessary to preserve said property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Meeker property is delivered to the ultimate purchaser.

3. The terms and conditions of the judicial sale shall be as follows:

   A. The sale of the Meeker property shall be free and clear of all interests and liens;

   B. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Meeker property, and easements and restrictions of record, if any;

   C. The sale shall be held at the courthouse of the county or city in which the Meeker property is located, on the Meeker property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

    D. The date and time for sale shall be announced by the United States Marshal, his or her representative, or a PALS;

    E. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Rio Blanco County, Colorado, and, at the discretion of the Marshal, his or her representative, or a PALS, by any other notice deemed appropriate. The notice shall contain a description of the Meeker property and the terms and conditions of sale as set forth in this Court's Order;

    F. The minimum bid shall be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions as set forth in this Court's Order, may hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

    G. The successful bidder(s) shall be required to deposit at the time of the same with the Marshal, his or her representative, or a PALS a minimum of ten percent (10%) of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the District of Colorado. Before being permitted to bid at the sale, bidders shall be required to display to the Marshal, his or her representative, or a PALS proof that they are able to comply with this requirement. No bids shall be received from any person(s) who has not presented proof that, if they are the successful bidders(s), they can make the deposit required by this Court's Order;

   H. The balance of the purchase price for the Meeker property shall be transmitted to the United States Marshal, his or her representative, or a PALS within twenty (20) days after the date the bid is accepted, by a certified or cashier's check, payable to the United States District Court for the District of Colorado.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied the loan held by Washington Mutual Bank and to the income tax liabilities of defendant the Estate of Richard Jennings at issue herein.  The Meeker property shall be again offered for sale under the terms and conditions of this Court's Order.  The United States may bid as a credit against its judgment without tender of cash;

   I. The sale of the Meeker property shall be subject to confirmation by the Court.  The United States shall file a Report of Sale with the Court, together with a proposed Order of Confirmation of Sale and Distribution of Sales Proceeds, along with a proposed Deed, within twenty (20) days from the date of receipt of the balance of the purchase price;

   J. On confirmation of the sale, the Marshal, his or her representative, or PALS shall execute and deliver a Deed of Judicial Sale conveying the Meeker property to the purchaser;

   K. On confirmation of the sale, all interests in, liens against, or claims to, the Meeker property that are held or asserted by all parties to this action shall be discharged and extinguished;

    L. On confirmation of the sale, the Recorder of Deeds for Rio Blanco County, Colorado shall cause transfer of the Meeker property to be reflected upon that County's register of title; and

    M. The sale shall be ordered pursuant to 28 U.S.C. §2001, and shall be made without right of redemption.

  4. Until the Meeker property is sold, defendant O'Kalla Jennings, along with any party that may claim possession of the Meeker property, shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, exhausting reasonable steps to procure and maintain a fire and casualty insurance policy on the property. They shall neither commit waste against the Meeker property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Meeker property nor cause or permit anyone else to do so.  The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Meeker property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

  5. All persons occupying the Meeker property shall leave and vacate the property permanently thirty (30) days from the date of entry of this Order of Foreclosure and Judicial Sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property).  If any person

fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, alone, shall be authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such property is being conducted by a PALS.  If any person fails or refuses to remove his or her personal property from the Meeker property by the time specified herein, the personal property remaining on the property thereafter shall be deemed forfeited and abandoned, and the United States Marshal's Office shall be authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale shall be applied first to the expenses of sale, with the balance to be paid into the Court for further distribution.

6. The proceeds arising from the sale of the Meeker property shall be paid to the Clerk of this Court and applied as far as they are sufficient, according to the terms of this Court's Order of Distribution of Sales Proceeds, which shall be determined at the time of sale confirmation.

DATED: 6/30/09

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

Presented by:

DAVID M. GAOUETTE
Acting United States Attorney

| | |
|---|---|
| */s/ Lauren M. Castaldi* | */s/ O'Kalla Jennings* |
| LAUREN M. CASTALDI | O'Kalla Jennings |
| Trial Attorney, Tax Division | P.O. Box 485 |
| U.S. Department of Justice | Cedaredge, CO 81413 |
| P.O. Box 683, Ben Franklin Station | |
| Washington, DC 20044-0683 | *Pro Se* Defendant |
| Telephone:  (202) 514-6061 | |
| Facsimile:   (202) 307-0054 | |
| Email: Lauren.m.castaldi@usdoj.gov | |
|      western.taxcivil@usdoj.gov | |

Attorneys for the United States of America

 */s/ William R. Arant III*
WILLIAM R. ARANT, III, ESQ.
Robert J. Hopp & Associates, LLC
999 18th Street, Suite 805N
Denver, CO 80202

Attorney for Defendant JPMorgan Chase Bank, National Association, successor in interest to Washington Mutual Bank